Jin v. Sessions

BIA
Nelson, IJ
A093 458 799

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
                *Circuit Judges.*
_____

MINGSHUN JIN, AKA MINGSHUN IN,
        *Petitioner,*

        v.                                              16-1987
                                                        NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jay Ho Lee, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; M. Jocelyn Lopez
                         Wright, Senior Litigation
                         Counsel; Lori B. Warlick, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingshun Jin, a native and citizen of the People's Republic of China, seeks review of a June 14, 2016, decision of the BIA affirming a February 23, 2010, decision of an Immigration Judge ("IJ") denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingshun Jin,* No. A093 458 799 (B.I.A. June 14, 2016), *aff'g* No. A093 458 799 (Immig. Ct. N.Y. City Feb. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA and thus review the BIA's denial of Jin's motion to remand, but not the IJ's discretionary denial of asylum, which the BIA did not reach. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v.*

2

*Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

I.    Adverse Credibility Determination

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her or her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Jin was not credible.

First, the agency reasonably relied on Jin's omission from her application of the main points to which she testified.  *See id.* at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.).  Jin does not dispute that she omitted that she was

detained and interrogated in China for harboring a North Korean refugee or that the police visited her son in August 2008 and husband in February 2009 regarding her pro-democracy activities in the United States.

The credibility determination is bolstered by the IJ's demeanor finding, to which we defer. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Notwithstanding Jin's argument to the contrary, the record supports the IJ's finding that there were long pauses and nonresponsive answers during Jin's testimony about the omissions from her application. Moreover, we find the demeanor finding particularly reliable because it is directly linked to inconsistencies in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

The agency also reasonably based the credibility determination on Jin's vague testimony concerning the pro-democracy organization she joined in the United States (the Chinese Democracy and Justice Party ("CDJP")). *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). Although "a

4

finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien," *id.*, this requirement has been satisfied. After testifying that the CDJP advocates violence in certain circumstances, Jin was unable to identify those circumstances despite repeated questioning from both the Government and IJ.

Finally, the agency reasonably found Jin's corroborating evidence insufficient to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Jin did not submit any corroboration from her son or husband. While Jin takes issue with the IJ's finding that she did not sufficiently corroborate that she belonged to the CDJP by offering a statement from a fellow member or sufficiently corroborate that her internet articles would be available to the Chinese government, the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (internal quotation

marks omitted).  The IJ therefore did not err in according minimal weight to Jin's articles and unauthenticated CDJP membership card and letter.  See *id.*; *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007).

Given the agency's foregoing omission, demeanor, testimonial vagueness, and corroboration findings, the totality of the circumstances supports the adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  A reasonable adjudicator would not be compelled to conclude otherwise.  *Id.* at 167.  The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same discredited factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

II.  Motion to Remand

We review the BIA's denial of remand for abuse of discretion.  *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).  To obtain remand based on ineffective assistance of counsel, a movant must establish that "counsel's performance . . . impinged upon the fundamental fairness of the hearing."  *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005).  This requires a showing that competent

counsel would have acted otherwise and that counsel's performance resulted in actual prejudice. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). For the reasons that follow, we conclude that the BIA did not abuse its discretion in denying remand.

Although Jin continues to fault her attorney for omitting information from her application, her supporting affidavit to the BIA did not allege or establish that she provided the information to her attorney before the hearing. *See Esposito*, 987 F.2d at 111 (The movant "must allege sufficient facts to allow this court to infer that competent counsel would have acted otherwise."). And while Jin now faults her attorney for failing to elicit the omitted information, Jin confirmed at the outset of her hearing that her application was true, correct, and complete. Nor did Jin show prejudice with respect to the letters from her husband and son. Although she allegedly obtained a letter from her husband in 2009, she did not support her motion with that letter. And a brief letter from her son was insufficient to rehabilitate her credibility given its lack of detail and the extensive record support for the adverse credibility determination. *See id.; see also Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight accorded to an applicant's

7

evidence "lie[s] largely within the discretion of the [agency]" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk